Helen E. Burris, US Bankruptcy Judge
THIS MATTER is before the Court on an Order and Rule to Appear and Show Cause entered on April 11, 2019, directing Sean C. Ferrero of IWILLSAVEYOURHOME.COM to appear before the Court to explain any involvement in the bankruptcy cases of Amanda T. Boatwright ("Debtor") and to show cause why he has not violated 11 U.S.C. § 110.[1] Due notice *4 was given and a hearing was held on June 27, 2019. Debtor was present at the hearing and Ferrero appeared by telephone. The Order Granting Request to Appear at Hearing by Telephone and Giving Notice of Scope of Hearing is incorporated by reference.[2] Since that Order, both Debtor and Ferrero submitted additional statements and documentation for the Court's consideration.
FACTS
IWILLSAVEYOURHOME.COM is an unincorporated business owned and operated by Ferrero. Debtor contacted Ferrero in September 2018 for assistance to avoid the loss of her home after it was scheduled to be sold at a foreclosure sale. Documents from Ferrero to Debtor include a conditional guarantee that Debtor will not lose her home or be evicted. In an email dated September 30, 2018 with the subject line "Oct 1st - STOP THE SALE PAPERS - Amanda & Otis Boatwright," Ferrero provided Debtor completed documents needed to initiate a Chapter 13 bankruptcy in South Carolina. Ferrero instructed Debtor to review and sign the documents and informed her of the filing fee and the Court's address for filing. Debtor filed the petition the next day, resulting in Case No. 18-05014-hb. On November 6, 2018, that case was dismissed with prejudice for one year as to any reorganization chapter for failure to file Schedules and Statements.[3]
In late January 2019, Debtor informed Ferrero that her home was again subject to a foreclosure sale. On February 3, 2019, he provided her completed bankruptcy forms to again stop the sale by filing a Chapter 13 bankruptcy case. Debtor filed this case the next day, which was dismissed on February 6, 2019, for violation of the prior prejudice order. Neither petition disclosed Ferrero's involvement nor indicated that he assisted Debtor with preparing a bankruptcy petition. No Bankruptcy Petition Preparer's Notice, Declaration, and Signature (Official Form 119) was completed for filing by Ferrero. Rather, Debtor's bankruptcy petitions were completed to indicate she was filing pro se .
On February 12, 2019, Debtor informed Ferrero of a Rule to Show Cause hearing scheduled by the Court as a result of the filings and he advised by text "U [sic] don't have to go to that Amanda." As a result of Debtor's repeat filings, the prejudice period barring her from refiling under any reorganization chapter was extended to January 6, 2020.
Debtor paid Ferrero a total of $6,000.00 in installments that began in September 2018. Ferrero asserts any failure by Debtor to realize any benefit from his services was because she failed to provide documents to proceed with a loan modification. The Court gave Ferrero an opportunity to detail the work performed for Debtor in exchange for the $6,000.00 in fees and to provide evidence of valuable services. From the record it is not clear what work, if any, Ferrero performed for Debtor.
APPLICABLE LAW
This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.
Section 110 of the Bankruptcy Code defines "bankruptcy petition preparer"
*5 ("BPP") as "a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing" by the debtor in connection with his bankruptcy case. 11 U.S.C. § 110(a)(1). Section 110 provides rules and guidelines BPPs must follow. A BPP must disclose his existence and participation in a bankruptcy case. 11 U.S.C. § 110(b)(1), (c)(1). A BPP must disclose his Social Security number on every document prepared for filing as well as sign the document and print his name and address on the document. 11 U.S.C. § 110(b)(1) (c). A BPP is also required to disclose all fees received from the debtor within 12 months before the petition was filed and any remaining unpaid fee charged to the debtor. 11 U.S.C. § 110(h)(2).
A BPP must provide written notice informing the debtor that he is not an attorney and may not give legal advice or practice law. 11 U.S.C. § 110(b)(2) ; see also 11 U.S.C. § 110(e)(2)(A) (prohibiting a BPP from providing legal advice). Legal advice includes, inter alia , advising the debtor on whether to file a petition or commence a bankruptcy case, whether the debtor will be able to retain his or her home after commencing a bankruptcy case, how to characterize the nature of the debtor's interests in property or the debtor's debts, and bankruptcy procedures and rights. 11 U.S.C. § 110(e)(2)(B) ; see also 2 Collier on Bankruptcy ¶ 110.12 (16th ed. 2019) (determining when to file bankruptcy and under what chapter constitutes the practice of law as well as filling out or assisting debtors in completing forms and advising debtors about the automatic stay and various remedies and procedures available in the bankruptcy system).
A violation of the forgoing requirements may result in sanctions on motion of the Court. 11 U.S.C. § 110(h)(4). Specifically, "[a]ll fees charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with this subsection or subsection (b), (c), (d), (e), (f), or (g)." 11 U.S.C. § 110(h)(3).
CONCLUSION
Ferrero asserts he did not give Debtor legal advice, but merely gave her "examples" of bankruptcy forms. The evidence provided does not support this assertion. Ferrero received money from Debtor to save her home from foreclosure. Twice he assisted Debtor with the filing of bankruptcy cases to prevent the sale of her home. Ferrero prepared bankruptcy forms for Debtor and instructed her to file Chapter 13 cases. He also advised her not to attend a hearing. Ferrero's conduct indicates that he served as a BPP for Debtor as defined by § 110(a)(1) and gave legal advice contrary to § 110(e)(2).
Ferrero further violated § 110 by: (i) failing to sign the prepared documents and provide his name and address ( § 110(b)(1) ); (ii) failing to include on each document prepared for filing with the Court the Social Security number of Ferrero or an officer, principal, or responsible person for IWILLSAVEYOURHOME.COM ( § 110(c) ); and (iii) failing to supply the required sworn declaration to Debtor that is to be filed with the petition ( § 110(b)(2) ). Ferrero also failed to disclose any fee received from Debtor within 12 months before filing of either case and has failed to show what valuable service he provided in exchange for amounts paid. 11 U.S.C. § 110(h)(2) & (3).
Debtor paid Ferrero $6,000.00 for services that began in September 2018. Because of Ferrero's violations of § 110(b), (c), (e), and (h), and because the record supports a finding that the fees are in excess of the value of any services rendered during the 12-month period immediately *6 preceding the date of the filing of the petition, Ferrero's fees are subject to disallowance, forfeiture, and immediate turnover to the bankruptcy trustee. 11 U.S.C. § 110(h)(3)(A) & (B).[4] As the bankruptcy case has been dismissed and the trustee discharged, the Court will order turnover of the funds to the United States Trustee for appropriate distribution, to be received on behalf of any bankruptcy trustee. The Court retains jurisdiction to resolve any further requests that may be filed regarding distribution of that amount.
IT IS, THEREFORE, ORDERED that pursuant to § 110(h)(3)(A) and (B), Sean C. Ferrero shall forfeit and immediately turnover the sum of $6,000.00, payable in certified funds to the United States Trustee, and delivered to the Office of the United States Trustee, ATTN: John T. Stack, AUST, 1835 Assembly Street, Suite 953, Columbia, SC 29201 within 30 days of the entry of this Order.[5]

ECF No. 25. Further reference to the Bankruptcy Code, 11 U.S.C. § 101 et seq. , shall be by section number only.

ECF No. 37, entered Jun. 12, 2019.

Debtor was represented by counsel during her first case, Case No. 17-01018-hb (filed March 3, 2017, and dismissed on June 11, 2018, for failure to make Chapter 13 plan payments).

While Ferrero's conduct may warrant additional sanctions under other sections of § 110, no motion has been filed by Debtor, the United States Trustee, or case trustee. See 11 U.S.C. § 110(l ).

The Court notes that a BPP "shall be fined not more than $500 for each failure to comply with a court order to turn over funds within 30 days of service of such order." 11 U.S.C. § 110(h)(5).